FILED
CLERK OF COURT

2025 MAY 22 PM 3: 56

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0217-21** |
| | ) | GPD REPORT NOS. 21-10358/10360/10363 |
| | ) | CRIMINAL CASE NO. **CM0368-21** |
| vs. | ) | GPD REPORT NO. 21-22859 |
| | ) | |
| | ) | DECISION AND ORDER |
| **LUIS S.N. SAN NICOLAS,** | ) | RE. PEOPLE'S MOTION TO REVOKE |
| aka Luis San Nicolas, | ) | DEFENDANT'S PROBATION |
| DOB: 09/30/1989 | ) | AND IMPOSE JAIL SENTENCE |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on February 24, 2025, for a Revocation Hearing on the People of Guam's ("the People") Motion to Revoke Defendant Luis S.N. San Nicolas's ("Defendant" or "Defendant San Nicolas") Probation and Impose Jail Sentence (the "Motion"). Defendant is represented by Assistant Public Defender Peter J. Sablan, and Assistant Attorney Generals Christine S. Tenorio and Valerie A. Nuesa represent the People of Guam ("the People"). After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the People's Motion and the Defendant's Opposition, oral arguments from the parties, and the applicable statutes and case law, the Court now issues this Decision and Order **HOLDING IN ABEYANCE** the People's Motion.

## PROCEDURAL AND FACTUAL BACKGROUND

**A.    Defendant's Change of Plea and his violations thereafter.**

On October 12, 2021, Defendant San Nicolas entered a global plea of guilty to the following offenses: in **CF0217-21**, the Second Charge of Family Violence (As a Misdemeanor), and in **CM0368-21**, Family Violence (As a Misdemeanor). *See Order After Hearing and Judg. of Conv.* (Oct. 18, 2021). The Court deferred Defendant's guilty plea in CF0217-21, and, contemporaneously, the Court entered Defendant's guilty plea in CM0368-21. *Id.* The Court sentenced the Defendant to one (1) year incarceration at the Department of Corrections, *for each offense*, to run *consecutively* for a total of two (2) years, all but seven (7) days suspended in CM0368-21, and with credit for time served. *Id.* The Defendant's guilty plea in CF0217-21 was deferred for one (1) year, and the Defendant was placed on supervised probation for three (3) years. *Id.*

The Court imposed standard conditions to be followed during the Defendant's probationary period, of which the following are noteworthy: permitted contact with the Victim, with conditions to not harass, assault, threaten, terrorize, physically strike, or injure the Victim; report to the Probation Services Division ("Probation") monthly in-person; report to the Client Services and Family Counseling Division ("CSFC") for intake and assessment and to follow all treatment recommendations; to not possess or consume alcohol, any illegal drugs, illegal controlled substances, intoxicants, or marijuana; pay court costs of eighty dollars ($80.00); and perform one hundred fifty (150) hours of community service. *Id.*

On February 3, 2022, Probation filed a First Violation Report, reporting that Defendant San Nicolas had violated the following conditions of probation: failed to report to CFSC for intake and processing; failed to make any progress on his court costs and community service

hours; and failed to report to Probation monthly, having last reported on October 13, 2021. *See First Vio. Rpt.* (Feb. 3, 2022).

On April 26, 2022, CSFC filed an Intake and Assessment Report, indicating that the Defendant reported to CSFC on April 25, 2022. CSFC assessed the Defendant and recommended individual counseling at CSFC as well an assessment to Guam Behavioral Health and Wellness Center ("GBHWC") for entry into New Beginnings. *See CSFC Int. and Assess. Rpt.* (Apr. 26, 2022). On May 3, 2022, the Court held a Violation Hearing to address the First Violation. The Court admonished the Defendant to complete and comply with his conditions. *Min. Entry* (May 3, 2022).

On August 25, 2023, Probation filed a Second Violation Report, indicating that the Defendant violated the following conditions: on August 24, 2023, the Defendant tested presumptive positive for methamphetamines and admitted via a written declaration to smoking methamphetamines; failure to report to his scheduled appointments on March 24, 2023, and August 17, 2023, at CSFC; failure to complete drug and alcohol treatment with Lighthouse Recovery Center; and no progress on court costs and community service hours. *See Sec. Vio. Rpt.* (Aug. 25, 2023). On October 17, 2023, the Court held a Violation Hearing to address the Second Violation, wherein the Defendant did not appear. Subsequently, the Court issued a bench warrant. *See Ben. Warr.* (Oct. 20, 2023). The warrant was returned on March 6, 2024.

On March 7, 2024, the Court held a Return of Warrant Hearing, wherein the Court admonished the Defendant for failing to complete his conditions, including his appointments with CSFC and GBHWC. *See Min. Entry* (Mar. 7, 2024). The Court continued to detain the Defendant pending a revocation motion by the People. *Id.* The People filed their Motion on March 25, 2024, and the Defendant filed his opposition on April 2, 2024.

**B.** **The Forensic Evaluation in CF0154-24 and the procedural history thereafter.**

On May 7, 2024, the Court held a Further Proceedings in this matter, including CF0154-24. In CF0154-24, a Forensic Evaluation was filed on May 6, 2024, wherein Dr. Juan Rapadas indicated his opinion that the Defendant was currently competent but *lacked substantial capacity* at the time of the incident due to his chronic and severe mental illness. *See Forensic Eval.*, *CF0154-24* (May 6, 2024). During the hearing, the Court took the matter of Defendant's revocation under advisement while indicating a review of the Forensic Evaluation. *See Min. Entry* (May 7, 2024).

On June 25, 2024, in CF0154-24, the Court held a Further Proceedings, wherein the parties indicated a stipulation to accept the findings by Dr. Rapadas. *Min. Entry, CF0154-24* (Jun. 25, 2024). The Court ordered the parties to submit their stipulation for review. *Id.* The Court also ordered defense counsel to prepare a safety plan and a treatment plan for the Court to address in an upcoming Further Proceedings. *Id.*

On July 16, 2024, the Court held a Further Proceedings for this instant matter and CF0154-24. The Court indicated that the matter of revocation was still under advisement and CF0154-24 is up for a possible transfer to the Mental Health Court ("MHC"). *Min. Entry* (Jul. 16, 2024). The Court further indicated discussions with MHC if it would accept the Defendant and these matters into its supervision considering the findings of the Forensic Evaluation and to ensure a safety plan for the Defendant. *Id.* Defendant indicated that he completed a class at New Beginnings in June of this year. *Id.* The Defendant further requested this Court to not revoke the Defendant in these matters and for a transfer to MHC. *Id.* The People indicated its opposition for a transfer of these matters to MHC and the findings of the Forensic Evaluation as it pertains to his 2021 cases. *Id.* The Court continued the matter for further consideration. *Id.*

On July 30, 2024, Defendant San Nicolas submitted a certificate of completion of Defendant's completion of eight (8) sessions of Level 0.5 Education with GBHWC. *See Sub. of Deft.'s Treatment Cert.* (Jul. 30, 2024). On December 3, 2024, the Court held a Further Proceedings hearing, and informed counsels that MHC rejected the Defendant from participating in MHC. *Min. Entry* (Dec. 3, 2024). Further, the People indicated its continued objection to the Forensic Evaluation pertaining to Defendant's 2021 cases. *Id.* The Court set CF0154-24 for Jury Selection and Trial and set the instant matter for a Revocation Hearing. *Id.*

On February 24, 2025, the Court held a Revocation Hearing in this instant matter. On the People's Motion to Revoke Probation, the People cited to Defendant's numerous violations and unwillingness to enter treatment. *Min. Entry* (Feb. 24, 2024). Thus, revocation would be appropriate to meet the ends of justice and for the Defendant to receive appropriate treatment while incarcerated. *Id.* Defendant San Nicolas stated that cases have been remanded from MHC without providing mental health assistance, and, given Defendant's mental health history and the Forensic Evaluation in CF0154-24, revocation would be inappropriate. *Id.* The Court took the matter under advisement. *Id.* Without objection from the parties, the Court ordered that GBHWC conduct a psychiatric and psychological evaluation for the Court's consideration and for a possible treatment plan for the Defendant. *Id.; see also Order After Hearing Re. Psych. Eval.* (Feb. 26, 2025).

On March 25, 2025, GBHWC filed a treatment recommendation report conducted by Carla T. Haddock, DNP, Staff Psychiatric Nurse Practitioner. In the report, Haddock reviewed the Forensic Evaluation by Dr. Rapadas and indicated that the Defendant did not meet the criteria for Schizoaffective Disorder and only meets one of this criteria with hallucinations. *See GBHWC Treat. Rpt.* (Mar. 25, 2025). Further, the Defendant's current diagnostic considerations are Major

Depressive Disorder with psychosis, and Substance Use Disorder, in remission, in a controlled environment. *Id.* Haddock recommended the following: a comprehensive medical examination including laboratory screening to rule out any causes for Defendant's auditory hallucinations; Residential Substance Abuse Treatment ("RSAT"); or a reentry program providing supportive coping mechanisms upon release. *Id.*

On April 7, 2025, GBHWC filed a report indicating its then-current status with the court-ordered psychological evaluation. GBHWC indicated that it anticipates submitting a psychological report by May 22, 2025, and included the scheduled appointment dates and times with Defendant San Nicolas, which also included a scheduled appointment with Defendant for May 20, 2025. *See GBHWC Report* (April 7, 2025).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2). The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted).

To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10). The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

**A.      The Court determines that a violation of probation has occurred.**

Pursuant to the first *Camacho* prong, the Court first turns to make a factual determination of whether a violation of probation has occurred. There are no factual disputes that a violation of Defendant's probation has occurred. Probation has filed two (2) violation reports against the Defendant, all reporting the same failure of compliance: (1) regularly reporting to Probation as ordered, (2) reporting to CSFC for intake and assessment, and (3) making progress toward paying court costs and toward his community service hours. For these reasons, the Court determines that the first *Camacho* prong is satisfied.

**B.      At this time, the Court cannot make a sufficient determination whether revocation is warranted in this matter.**

Pursuant to the second *Camacho* prong, the Court next turns to determine whether revocation of Defendant's probation is warranted. In making this determination, the Court must resolve whether "revocation under all the circumstance. . .will best satisfy the ends of justice and the best interests of the public." 9 GCA § 80.66(a)(2). Upon review of the record, the Court finds this matter is intertwined with mental health issues affecting the Defendant and his need for

treatment and rehabilitation. The Forensic Evaluation in CF0154-24 and the report conducted by GBHWC suggest to this Court that the Defendant has mental health issues that require more examination and consideration. Further, this matter is pending a psychological evaluation as ordered on February 26, 2025, anticipated to be submitted on May 22, 2025, which would give the Court and the parties more information regarding Defendant San Nicolas's current status and provide recommendations for next appropriate steps.

Certainly, if the Court were to revoke the Defendant, he may receive treatment and counseling through the RSAT program and other reentry programs. However, the Court finds that it is in the best interest of the public to supervise in the creation of a treatment plan and safety plan for the Defendant in consideration of his mental health issues in order to mitigate any risks of recidivism. The Court anticipates that the Psychological Assessment ordered by the Court and which GBHWC is diligently completing will assist in determining whether the second prong of *Camacho* prong is satisfied, justifying revocation.

## CONCLUSION

For the reasons set forth above, the Court hereby **HOLDS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence **IN ABEYANCE** until after the Court and the parties have received and reviewed GBHWC's report. Once filed, the Court shall schedule a hearing on the matter.

SO ORDERED this 25th day of May, 2025.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to
*AG , POSC*

Date 5/22/25 Time. 4:02pm
*Albert Cablero an*

Deputy clerk , Superior Court of Guam

_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam